[Civ. No. 7052. Second Appellate District, Division One.—February 3, 1932.]

E. B. MANNING, Respondent, v. W. J. O'ROURKE et al., Appellants.

Hiram T. Kellogg and Elber H. Tilson for Appellants.

Kenneth J. Murphy for Respondent.

HOUSER, J.—This appeal is from a judgment in favor of plaintiff and against defendants rendered in pursuance of a verdict which was returned by a jury in an action for personal injuries.

From the evidence adduced on the trial, the jury would have been justified in reaching the conclusion that the pertinent facts relative to the happening of the accident (which occurred on September 5, 1928) included the following, to wit: In a 40-mile per hour zone of vehicular traffic plaintiff was operating a light automobile truck in an easterly direction on the south side of an east-and-west street approaching its intersection with a cross street at a rate of speed of approximately 30 to 35 miles per hour. At the same time, traveling in a westerly direction in the immediate vicinity of said intersection on the same street as that traveled by plaintiff, was the heavy automobile truck owned by defendant O'Rourke and which at that time was being driven by defendant Ramsey (who was in the employ of O'Rourke) on the north side of said east-and-west street. The accident in question arose from the circumstance that the truck operated by the defendant made a left turn into the intersecting street at the same instant at which the truck driven by plaintiff attempted to cross said intersection. Before attempting such "movement", the driver of defendant's truck gave the required statutory signal of his intention so to do, but failed either to "first see that such movement can (could) be made in safety" (sec. 130 (a), Cal. Vehicle Act; Stats. 1925, p. 412, 413, sec. 15a), or to "pass beyond the center of such intersection passing as closely as practicable to the right

thereof before turning such vehicle to the left''. (Sec. 129 (a), Cal. Vehicle Act; Stats. 1923, p. 558.) In fact, by the testimony of one witness it appeared that the left turn was started by defendant's truck before it had reached the intersection of the two streets. Although plaintiff was aware of the approach of the defendant's truck, and had observed the signal given by the driver thereof, he continued his course in a general easterly direction, and in attempting to avoid the happening of the accident, increased the rate of speed of the truck which he was operating and drove it in such a manner that at the time the accident occurred the right wheels of the truck were traveling not in the east-and-west street, but in the intersecting street three or four feet south of the projected curb line of the east-and-west street. The impact of the two trucks occurred near the *southeast* corner of the two intersecting streets.

From a consideration of the foregoing statement of facts, it becomes clear that, in the circumstances, the jury was authorized to conclude that the negligence of the defendants, as established by their failure to observe the mandates of the statute, was the proximate cause of the accident. Nor as a matter of law may it be said that the conduct of plaintiff was such that he was guilty of contributory negligence. In other words, it is plain that a reasonable man might differ from another in his conclusion as to whether plaintiff's conduct amounted not only to a want of ordinary care on his part, but as well that such conduct contributed proximately to the happening of the accident. It follows that neither of the respective contentions of defendants to the effect that, as a matter of law, defendants were not guilty of negligence, or that plaintiff was guilty of contributory negligence, is tenable.

Appellants also complain that the verdict of the jury was excessive in amount. But since on the trial of the action substantial evidence was introduced upon which the verdict may rest; and since from such evidence the jury may have reached the conclusion that the result of the injury sustained by plaintiff in the accident was much greater than was either apparent or indicated shortly after the accident occurred—in the application of the rule which forbids an appellate tribunal from disturbing a verdict because of alleged excessiveness in its amount, excepting where it is

such as to "shock the sense of justice and raise presumption that it is based on prejudice or passion" (20 Cal. Jur. 101) —it follows that the several contentions of appellants in this regard cannot be sustained.

It is further urged that there was no proof of any negligence on the part of appellants individually. In addition to the facts to which attention hereinbefore has been directed, the evidence satisfactorily established not only the ownership by defendant O'Rourke of the heavy truck in question, but as well that at the time of the accident defendant Ramsey was in the employ of his co-defendant, and that Ramsey was then and there operating the said truck for defendant O'Rourke.

The judgment is affirmed. The appeal from the order denying motion for a new trial is dismissed.

Conrey, P. J., and York, J., concurred.